United States District Court
Southern District of Texas
**ENTERED**
November 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VANCE HENDERSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-3927 |
| | § | |
| SHOPPA'S FARM SUPPLY, INC., ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**ORDER**

Pending before this Court is Plaintiff Vance Henderson's Motion to Remand. (Doc. No. 5). After close consideration of the pleadings and relevant legal standards, this Court **DENIES** Plaintiff's Motion for Remand (Doc. No. 5). The non-diverse parties—Shoppa's Farm Supply, Inc. ("Shoppa's") and Albert A. Urbanek, Jr. and Urbanek Farms, Inc. (collectively, "Urbanek")—are dismissed without prejudice from this action. The case may proceed in this Court against Defendant Deere & Company ("Deere" or "Defendant") accordingly.

## I. Background

This is a personal injury dispute. This Court notes at the outset that the First Amended Petition is relatively sparse on background facts. In any event, from what this Court can glean from the First Amended Petition, on or about April 23, 2024, Henderson, a maintenance worker,[1] alleges

[1] The identity of Henderson's employer is not clear on the face of the complaint. Plaintiff does not allege the identity of his employer in the First Amended Complaint. In his Motion to Remand, Plaintiff claims that he is employed by USB Joint Venture. (Doc. No. 5 at 10–11). Based on Albert Urbanek, Jr.'s declaration, Urbanek appears to be a Principal of USB Joint Venture. (Urbanek Decl. ¶ 1). Based on this declaration, Urbanek Farms, Inc. and Big Creek Farms, Inc. both own 50% of USB Joint Venture, and Urbanek and his wife own these two entities (Urbanek Farms, Inc. and Big Farms, Inc.). (*Id.* at ¶ 2). The declaration further states that Plaintiff received workers' compensation benefits for these injuries. (*Id.* at ¶ 6). While this Court expresses concerns (and Deere has argued in its Notice of Removal) that Plaintiff's claims against Urbanek and Urbanek Farms, Inc. may be barred under Texas law by the workers' compensation exclusive remedies bar (though Plaintiff argues that this Court does not have enough

that he fell from a Deere Cotton Picker ("Cotton Picker") while working on the hydraulic cylinder. (Doc. No. 5 at 3); (Doc. No. 1-5 at 4). Henderson alleges that the machine lacked adequate safety features (such as guardrails, handrails, and fall-prevention features) and/or that the Cotton Picker had not been properly maintained. (Doc. No. 5 at 3). Plaintiff claims that the lack of adequate fall-prevention features (whether by reason of a design defect, a manufacturing defect,[2] or faulty maintenance) caused his injuries. (*Id.*).

Henderson filed his Original Petition in the 329th District Court of Wharton County, Texas alleging that Deere is liable under theories of strict products liability and/or negligence because the Cotton Picker allegedly was defectively designed and/or manufactured. (Doc. No. 1-5 at 12–16). He also alleges that Deere is liable for breaches of express and implied warranties. (*Id.* at 16–18). Henderson finally claims that Deere failed to adequately warn about the risks of the Cotton Picker. (*Id.* at 15–16).

In the same action, Henderson also brought claims against Defendants Shoppa's and Urbanek. Shoppa's is a maintenance service provider that allegedly performed repair services on the Cotton Picker. (*Id.* at 7). Plaintiff contends that Shoppa's is liable for negligent maintenance, inspection, and failure to warn, as Plaintiff alleges that Shoppa's repaired the Cotton Picker prior to Plaintiff's injury. (*Id.* at 9–11). Albert Urbanek, Jr. and/or Urbanek Farms, Inc. allegedly owned the land that Plaintiff was on and/or the allegedly defective Cotton Picker. (*Id.* at 3). Henderson contends that Urbanek is liable under theories of premises liability and/or negligence, arguing that

information on the face of the complaint to make this determination), this Court need not evaluate this issue since the First Amended Petition fails to state a valid claim pursuant to 12(b)(6).

[2] The First Amended Petition appears to only bring a strict products liability claim against Deere based on a theory of a design defect. (Doc. No. 1-5 at 12–13). With regards to its negligence claim against Deere, the First Amended Petition appears to also raise a manufacturing defect theory. (*Id.* at 14) (stating that Deere "fail[ed] to use ordinary care in the design, *manufacture*, testing, and sale of the Subject Cotton Picker" (emphasis added)). Although unclear from the Petition what exactly is Plaintiff's theory of the case, this Court interprets Plaintiff's claims against Deere to primarily sound in a theory of design defect. In any event, this Court mentions the potential manufacturing defect theory for completeness.

Urbanek breached the duties owed to Plaintiff by having the unreasonably dangerous machine on the property. (*Id.* at 8–10).

Deere removed this case to this Court, alleging that this Court has diversity jurisdiction over this case. (Doc. No. 1 at 5). Although complete diversity does not exist between Plaintiff (citizen of Texas) and Shoppa's and Urbanek (also citizens of Texas), Deere alleges that Shoppa's and Urbanek are improperly joined defendants. (*Id.* at 2–3, 5). Therefore, according to Deere, without these improperly joined defendants, complete diversity exists (since Deere is a citizen of Delaware and Illinois) and this case is properly before this Court. (*Id.*). Plaintiff denies these contentions in his Motion to Remand. (Doc. No. 5). Deere has responded to Plaintiff's Motion (Doc. No. 9), and the issue is ripe for resolution.

## II. Legal Standard

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.*

The removing party bears the burden of establishing that federal jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts have limited jurisdiction, so "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.

2000); *Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

Typically, diversity jurisdiction (one form of federal jurisdiction) requires complete diversity of the parties. This means that if any defendant is a citizen of the same state as any plaintiff, diversity jurisdiction will not lie. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Nevertheless, a defendant may establish that a federal court properly has diversity jurisdiction over a case—notwithstanding the presence of non-diverse defendants originally named in the complaint—under the doctrine of improper joinder.

The Fifth Circuit has recognized two ways of establishing improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

The test for the second method "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant," meaning "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. The Fifth Circuit has explained that there are two ways for a district court to evaluate whether there is "no reasonable basis" of recovery: (1) by conducting a Rule 12(b)(6)-type analysis, assessing whether the complaint states a valid claim or, in the alternative, (2) by conducting a limited summary inquiry beyond the face of the complaint "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Id.* at 573–74.

The Fifth Circuit has indicated that a court considering improper joinder should start with the 12(b)(6)-type analysis. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

Only if the complaint states a claim according to the 12(b)(6) standard, a district court may go on to "pierce the pleadings" to evaluate whether the plaintiff has omitted or misstated[3] discrete facts. *Id.*

## III. Analysis

Defendant Deere contends that (1) Plaintiff has omitted discrete facts that show that recovery is precluded against Shoppa's and Urbanek and (2) the allegations in Plaintiff's state court pleading fail to state a claim under a 12(b)(6)-type analysis against either of these Defendants. (Doc. No. 1 at 7). Accordingly, Deere alleges that Shoppa's and Urbanek are improperly joined. (*Id.*). If dismissed, complete diversity between the parties would exist, and this Court would have removal jurisdiction over this action. (*Id.* at 5). This Court thus considers each defendant, and their presence in the action.

### *a. Shoppa's*

Plaintiff alleges that Shoppa's is liable for his injuries, pleading vague counts of negligence for failing to properly inspect and repair the Cotton Picker; failing to refuse to return the Cotton Picker given that it was allegedly in an unsafe condition; failing to warn that the Cotton Picker was unsafe; and negligently representing that the Cotton Picker was safe. (Doc. No. 1-5 at 9–11). Defendant alleges that (1) Plaintiff's pleading misstates and/or omitted the discrete fact that Shoppa's serviced the Cotton Picker *after* the injury occurred and (2) that Plaintiff's allegations against Shoppa's fail to state a claim under a 12(b)(6)-type analysis. (Doc. No. 1 at 8–11). Accordingly, Deere argues that Shoppa's is improperly joined and should not be considered to destroy complete diversity.

---

[3] While Deere appears to claim that Plaintiff's pleading is "artfully" drafted to leave out certain facts with respect to claims against Shoppa's and Urbanek—including facts which may indicate that some claims are barred by Texas's workers' compensation bar—this Court's evaluation of the First Amended Petition (and the facts and claims alleged therein) negates the need to address these contentions.

As this Court concludes that Plaintiff's First Amended Original Petition fails to state a valid claim against Shoppa's, this Court need not turn to Deere's argument regarding allegedly omitted or misstated facts. *See Mumfrey*, 719 F.3d at 401.

The 12(b)(6) standard requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The 12(b)(6) standard requires the court to accept "'all well-pleaded facts [in the complaint] as true, viewing them in the light most favorable to the plaintiff.'" *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citations omitted).

Plaintiff seeks to impose liability on Shoppa's as a repair service provider for negligent inspection and maintenance of the Cotton Picker, failing to refuse to return the product because it had alleged defects, and failing to warn Plaintiff of these defects. (Doc. No. 1-5 at 9–11). As to the failure to inspect and warn allegations, federal courts in this district applying Texas law have routinely rejected similar failure-to-warn claims for what is, in essence, a products liability claim against the manufacturer. *Garcia v. Deere & Co.*, No. 3:20-CV-0095, 2020 WL 4192894, at *2 (S.D. Tex. July 21, 2020) (collecting cases, holding "Texas law does not impose a duty on post-sale servicing companies like Brookside to warn about an alleged product defect."); *see also State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV.A. 6-12-19, 2012 WL 3985128, at *3 (S.D. Tex. Sept. 11, 2012) (concluding that there was no reasonable basis to believe that Plaintiffs would recover as the court was unable to locate authority imposing "a duty on a post-sale servicer to discover and warn about a latent manufacturing defect").

Plaintiff attempts to distinguish these cases, arguing that his claims against Shoppa's are not an attempt to hold it liable for failing to detect design defects, but rather claims of independent negligence on the part of Shoppa's via either a theory of "negligent undertaking" or negligent performance of repair services. (Doc. No. 5 at 9–10). Nevertheless, this Court is unable to detect in the First Amended Petition what independent acts of negligence Plaintiff believes Shoppa's engaged in while performing the services to make these claims operative. (Doc. No. 1-5 at 9–11). The Petition does not detail any specific actions on Shoppa's part that allegedly fell below the standard of care other than what appears to be an attempt to hold Shoppa's liable for the allegedly defective design and/or manufacturing of the product. (*Id.*). Contrary to Plaintiff's conclusory assertions, this Court concludes that the First Amended Petition fails to adequately state a claim against Shoppa's and that this non-diverse party should be **DISMISSED** without prejudice.

***b. Urbanek***

As with Plaintiff's claims against Shoppa's, Deere similarly argues that Plaintiff's claims against Albert Urbanek and/or Urbanek Farms, Inc. (1) omit discrete facts that preclude recovery and (2) fail to state a claim under the 12(b)(6) standard. As before, since this Court concludes that Plaintiff's First Amended Petition fails to state a claim against Urbanek pursuant to 12(b)(6), this Court need not turn to Deere's argument about allegedly omitted or misstated facts. *See Mumfrey*, 719 F.3d at 401.

Plaintiff alleges that Albert Urbanek and/or Urbanek Farms, Inc. allegedly owned the land and/or the allegedly defective Cotton Picker. (Doc. No. 1-5 at 3). Plaintiff brings premises liability and general negligence claims against these Defendants. (*Id.* at 8–9).

The Supreme Court of Texas has clarified that, unless a Plaintiff is injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity," the

suit more properly sounds in premises liability, rather than negligent activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). In *Keetch*, the Supreme Court of Texas considered a suit brought by a customer who slipped and fell after an employee sprayed plants with water. *Id.* The Supreme Court of Texas affirmed the trial court's refusal to submit the negligent activity theory to the jury, reasoning that although the customer "may have been injured by a condition created by the spraying [] she was not injured by the activity of spraying." *Id.* Accordingly, the court did not err in concluding that the suit more properly sounded in premises liability, rather than negligent activity.

Here, what Plaintiff complains about is the condition of the allegedly unsafe Cotton Picker that was on the premises. The Petition does not identify any ongoing activity (like the act of spraying) on the part of Urbanek that harmed Plaintiff. Rather, Plaintiff's negligent activity claim (which lumps Shoppa's and Urbanek together) is a string of "failure to" complaints: failure to properly inspect, failure to properly maintain, failing to adequately warn, failing to repair the Cotton Picker, and leaving the Cotton Picker in an unreasonably dangerous condition. (Doc. No. 1-5 at 9). The Supreme Court of Texas has explained that, in contrast to negligent activity claims based on "affirmative, contemporaneous conduct by the owner that caused the injury, [] premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). At its core, Plaintiff's claim against Urbanek is an allegation that the property owner had an unreasonably dangerous condition (the presence of the Cotton Picker) on the premises and failed to remedy that condition. Accordingly, under the principles established in *Keetch* and progeny, this claim more properly sounds in premises liability.

To succeed on a premises liability claim, Plaintiff must prove (1) actual or constructive knowledge of a condition on the premises; (2) the condition presented an unreasonable risk of harm; (3) the owner/operator of the premises failed to exercise reasonable care to mitigate the risk of harm; and (4) that such a failure to exercise care proximately caused the harm Plaintiff suffered. *Keetch*, 845 S.W.2d at 264.

That being said, if a dangerous condition is "open and obvious," the Supreme Court of Texas has stated that the condition "no longer pose[s] an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Accordingly, when a danger is "open and obvious," the landowner does not owe a duty to the invitee. *Id.* at 213.

Defendant Deere argues in its Notice of Removal that the lack of adequate guardrails on the Cotton Picker is an open and obvious condition. (Doc. No. 1 at 13–17). Although the parties agree that the standard for "open and obvious" requires a consideration of the "totality of the circumstances," Plaintiff claims that the "open and obvious" determination is "fact-intensive" and cannot be determined based on the bare pleadings. (Doc. No. 9 at 22, 22 n.13); (Doc. No. 5 at 12–13).

Part of Plaintiff's pleading burden is to establish that Urbanek owed him a duty. Since landowners have no duty to warn and/or protect invitees[4] from open and obvious dangers, Plaintiff must plead specific facts demonstrating that the hazard was concealed and not "open and obvious." *See E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 58–59 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd by agr.) (explaining that plaintiff bears the initial burden of establishing that the hazard was concealed to demonstrate that defendant owed a legal duty); *Huffman v. Wal-*

[4] The parties appear to agree that Plaintiff was an invitee; nothing on the face of the pleadings leads this Court to question this at this juncture. (Doc. No. 1-5 at 8); (Doc. No. 9 at 20).

*Mart Stores Texas, LLC*, No. 3:23-CV-2302-L, 2024 WL 4112425 (N.D. Tex. Aug. 19, 2024), *adopted as modified*, 2024 WL 4116822 (Sept. 6, 2024) (declining to dismiss pursuant to a 12(b)(6) motion because plaintiff pleaded "specific facts as to why the maintenance cart and mop did not present an open and obvious danger," including the location and color of the mop).

The First Amended Petition simply alleges that the machine "lacked adequate guardrails, handrails, or other fall-prevention features necessary to prevent a person from falling while performing foreseeable maintenance and service activities." (Doc. No. 1-5 at 5). The Supreme Court of Texas has stated that the absence of guardrails on a loading ramp was "obviously not a concealed hazard." *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008); *see also Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.) ("the hazards presented by the second-floor landing and the absence of guardrails were not concealed, but were open and obvious").

This Court is unable to locate specific facts in Plaintiff's First Amended Petition suggesting that the hazard (whether it be lack of guardrails, handrails, or other fall-prevention features) was a concealed danger. Although in some circumstances the consideration might turn into a fact-intensive inquiry, as Plaintiff urges in this instance, Plaintiff first has to satisfy the initial pleading burden of alleging specific facts that, if true, would suggest that the danger was concealed.[5] There are no such allegations on the face of the First Amended Petition. Accordingly, this Court concludes that the First Amended Petition fails to adequately plead that Urbanek owed a legal duty.

Although typically a failure to adequately allege that the danger was concealed or not readily visible (and therefore that the landowner owes a duty) would render this pleading

---

[5] The Court further questions Plaintiff's position that the condition was not open and obvious to him. If the condition was not open and obvious to Plaintiff, as a machinery maintenance worker, then it most certainly would not be open and obvious to Urbanek, a landowner. If that were true, it would undercut Plaintiff's premises liability claim, which requires that the landowner be on notice of the allegedly dangerous condition.

insufficient as a matter of law, there are two exceptions to the open and obvious doctrine recognized by the Supreme Court of Texas. The first exception is for criminal activity: a landowner owes a duty to exercise reasonable care to protect an invitee from third-party criminal activity on the premises, even if such activity is open and obvious. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 206 (Tex. 2015). The second exception is the "necessary use" exception: even if a danger is open and obvious, a landowner is not relieved of their duty to make the premises safe if "it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk" *Id.* at 208.

Plaintiff argues in his Motion to Remand that the allegations in the First Amended Petition plausibly fall within the necessary use exception. (Doc. No. 5 at 13). Accordingly, Plaintiff contends that Urbanek owed him a duty of reasonable care, even if the hazard was "open and obvious." (*Id.*).

The First Amended Petition states that at the time of the accident, "Plaintiff was performing work on the Subject Cotton Picker, including maintenance that involved replacing a hydraulic cylinder." (Doc. No. 1-5 at 4). The Supreme Court of Texas has clarified that the "necessary use" exception is unavailable to employees and independent contractors whose job requires them to confront the allegedly dangerous, albeit open and obvious, condition. *JMI Contractors, LLC v. Medellin*, 738 S.W.3d 775, 790–93 (Tex. 2026). In *Austin v. Kroger Texas*, the Supreme Court of Texas declined to exempt employees who are instructed to encounter a risky condition as part of their work duties from the open and obvious doctrine. 465 S.W.3d 193, 213 (Tex. 2015). Similarly, in *JMI Contractors, LLC v. Medellin*, the Supreme Court of Texas extended the *Austin* rule to independent contractors, reasoning that the policy considerations underlying the necessary use exception are not implicated in the case of an independent contractor on a job site, as these

contractors typically possess specialized knowledge and skill, and "can refuse a job when it presents a danger he cannot accept." 738 S.W.3d at 792–93.

As mentioned, Plaintiff was an individual engaged in maintenance of the machine. To be sure, based on the First Amended Petition, Plaintiff does not appear to have been fixing the defect that allegedly caused his injury (defective machine without adequate handrails), but rather performing maintenance on other parts of the machine (replacing hydraulic cylinder), so it does not perfectly fit the facts of *Austin*. (Doc. No. 1-5 at 4, 5). In any event, as the Supreme Court of Texas reasoned in *JMI Contractors*, Plaintiff's role as a maintenance individual (whether an employee or an independent contractor)[6] showcases that he possessed the knowledge and skill to appreciate the risk, and he could have refused to perform these maintenance activities if it appeared that the machine's design and/or condition was too risky. *See* 738 S.W.3d at 792–93.

This is a far cry from the limited scenario in which the Supreme Court of Texas first recognized the necessary-use exception, where "an ordinary citizen with no special knowledge or skills was unable to safely navigate an apartment's defective exit—the only means of leaving those premises." *Id.* at 792 (citing *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514 (Tex. 1978)). Accordingly, this Court concludes that there is no reasonable basis to conclude that Plaintiff will recover from Urbanek, as the First Amended Petition fails to adequately allege that the landowner owed a legal duty to Plaintiff. Accordingly, Albert A. Urbanek, Jr. and Urbanek Farms, Inc. are **DISMISSED** without prejudice.

[6] As mentioned, it is not clear on the face of the First Amended Petition who Plaintiff is employed by and whether he is properly considered an independent contractor or employee. In any event, this Court does not consider this classification to bear on whether the necessary-use exception would be available to him.

## IV. Conclusion

For the reasons set out above, this Court **DENIES** Plaintiff's Motion to Remand. (Doc. No. 5). Improperly joined Defendants Shoppa's Farm Supply, Inc., Urbanek Farms, Inc., and Albert Urbanek, Jr. are dismissed without prejudice. Plaintiff's claims against Defendant Deere & Company may proceed in this Court on the basis of diversity jurisdiction.

It is so ordered.

Signed on this the 19th day of November, 2026.

Andrew S. Hanen
United States District Judge